UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50131 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00212-SVW-2 2:19-cr-00212-SVW Central District of California, Los Angeles |
| v. | |
| JOSE LUIS NUNEZ, AKA Corps, | |
| Defendant-Appellant. | ORDER |

Before: CALLAHAN and H.A. THOMAS, Circuit Judges, and HUMETEWA,[*] District Judge.

The Memorandum Disposition, filed on August 10, 2022 in the above-captioned matter, is amended as follows:

Footnote [**] <The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).> is deleted and footnote [***] <The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.> will now be shown as footnote [**].

At footnote 2 replace <The Social Justice League Foundation (SJLF)> with <Dignity and Power Now> and <the Foundation> with <it>.

A clean copy of the amended memorandum disposition is attached to this

---

[*] The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

order. With these amendments, the panel unanimously voted to deny the petition for panel rehearing. Judges Callahan and Thomas voted to deny the petition for rehearing en banc, and Judge Humetewa so recommended. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote. Appellant's petition for rehearing and rehearing en banc, filed on September 23, 2022, are DENIED. No further petitions for rehearing or rehearing en banc may be filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50131 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:19-cr-00212-SVW-2 |
| | 2:19-cr-00212-SVW |
| JOSE LUIS NUNEZ, AKA Corps, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 2, 2022
Pasadena, California

Before:  CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,**
District Judge.

Jose Nunez appeals his conviction for unlawful possession of firearms and

ammunition in violation of 18 U.S.C. § 922(g)(1).  In the alternative, he challenges

the district court's imposition of an electronic search condition as part of his

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Diane J. Humetewa, United States District Judge for
the District of Arizona, sitting by designation.

supervised release conditions. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1.      Nunez first argues that the district court erred in denying his motion to suppress evidence of firearms and ammunition recovered by law enforcement officers during a protective sweep of his house. Nunez claims the search violated the Fourth Amendment because the deputies did not have a reasonable belief that any dangerous individuals might be in the house when they conducted the sweep. Alternatively, assuming some form of protective sweep was justified, Nunez argues the deputies exceeded the permissible scope of the sweep by entering his bedroom. We review a district court's denial of a motion to suppress de novo and any underlying factual findings for clear error. *United States v. Wilson*, 13 F.4th 961, 967 (9th Cir. 2021). The ultimate determination of whether there was reasonable suspicion to conduct a warrantless search is reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

The Fourth Amendment protects the right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 337 (1990). "[A] protective sweep,

aimed at protecting the arresting officers, if justified by the circumstances, is nevertheless not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found." *Id.* at 335.

Here, the record demonstrates that the deputies who conducted the sweep watched an armed known gang member enter Nunez's house, heard a commotion inside the house, and saw the gang member leave without the weapon. Subsequently, two other gang members left the house, and those two individuals could not confirm to the deputies whether anyone else was in the house. Based on these specific and articulable facts, the deputies had a reasonable belief that there may have been people in the home who had access to at least one firearm and thus posed a threat to the deputies' safety.

Further, the deputies did not exceed the permissible scope of the protective sweep because they only briefly and cursorily searched the home, including Nunez's bedroom. While the separate bedroom at the back of the property was accessible only by an exterior door, it was not obvious to the deputies observing from the street at the time that this was the only access point. Nunez does not otherwise explain why it would have been unreasonable to believe that an armed individual could have been hiding in the bedroom, particularly given the inability of the occupants of the house to confirm that there were no other individuals present on the property. Because the search did not violate the Fourth

Amendment, we affirm the district court's denial of Nunez's motion to suppress.

2.  The government argues that even if the district court erred in finding that the officers' search was conducted pursuant to a valid protective sweep, we should still affirm the denial of the motion to suppress on the alternate ground that Nunez's firearms and ammunition would have been inevitably discovered.[1] The inevitable discovery doctrine is an exception to the exclusionary rule that applies "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444 (1984).

We agree with the government that the doctrine applies here. The deputies involved in the protective sweep explained in their declarations that had they not conducted the sweep, they still would have sought a search warrant pursuant to "standard departmental operating procedures." The district court found there was likely probable cause for a warrant authorizing the search of the house even without reliance on the guns seized during the protective sweep. Indeed, the deputies did ultimately seek and obtain a search warrant, the execution of which uncovered additional ammunition not found during the officers' initial sweep.

---

[1] While the district court did not base its holding on this ground, we "may affirm the denial of [a] motion on any basis supported in the record," even if not relied upon by the district court. *United States v. Lemus*, 582 F.3d 958, 961 (9th Cir. 2009) (quotations and citation omitted).

Our prior decision in *United States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016), is distinguishable. There, we rejected the defendant's argument that the inevitable discovery doctrine applied and excused the officers' failure to obtain a warrant because the officers knew they had probable cause to arrest the defendant before ever showing up at the house, and thus could have sought a warrant in advance. *Id.* at 1162. By contrast, the deputies here did not arrive at Nunez's house with the intent to arrest Nunez or search his house. It was only after Gudino ran from police into Nunez's home while carrying a weapon, and exited the house without the weapon and after a commotion, that the deputies developed probable cause to believe that evidence of a crime would be found inside. The deputies here could not have anticipated that this sequence of events would occur prior to their attempt to detain Gudino, and thus they did not have an advance opportunity to obtain a warrant like the officers in *Lundin* did.

For these reasons, we affirm the district court's denial of Nunez's motion to suppress the evidence on the alternative ground that Nunez's firearms and ammunition would have been inevitably discovered during a subsequent lawful search.

3. Nunez next argues that the district court abused its discretion in imposing a condition of release permitting law enforcement officers to search his property, including electronic devices and communications, upon reasonable

5

suspicion that Nunez violated the terms of his supervised release. Nunez also argues that the district court plainly erred by not adequately explaining its reasoning for imposing the condition. We typically review the imposition of conditions of supervised release for abuse of discretion. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). However, we review Nunez's contention that the district court erred by failing to provide an explanation for plain error because Nunez did not object on this ground at the time of sentencing. *See id*.

A supervised release condition need not relate to the offense conduct, so long as it is reasonably related "to the goals of deterrence, protection of the public, and rehabilitation" of the offender. *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)). Further, such conditions must not infringe on the defendant's liberty more than is reasonably necessary. *Id*. The district court need not fully articulate the reasoning behind every supervised release condition if "we can determine from the record whether the court abused its discretion." *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007). Only if the condition implicates a "particularly significant liberty interest" must the district court support its decision with record evidence that the condition is necessary. *Weber*, 451 F.3d at 561.

We find that the district court did not abuse its discretion in imposing the electronic search condition because, given Nunez's criminal history and the fact that he committed this violation while on supervised release for another crime, the record demonstrates that the condition is reasonably related to several of the relevant factors including deterrence, rehabilitation, and protection of the public. 18 U.S.C. §§ 3583(d)(1), 3553(a)(2)(B)–(D); *see also United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017) (upholding suspicionless search condition in part because the defendant engaged in the relevant conduct while already on supervised release), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2017). Further, the search condition does not infringe on Nunez's liberty more than reasonably necessary because any search under this provision may only be conducted upon reasonable suspicion that Nunez has violated the terms of his release. Additionally, although Nunez argues that his offense and criminal history did not include technology-related offenses, a condition does not need to relate to the offense conduct so long as it satisfies a statutory goal. *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015). Thus, the district court did not abuse its discretion in imposing the condition.

Nunez also fails to establish that the district court plainly erred by not providing an explanation for imposing the condition because Nunez has not demonstrated that the condition—which requires that a law enforcement officer

have reasonable suspicion before conducting any search—rises to the level of the

narrow class of particularly significant liberty interests that require such an

explanation before being imposed. *See, e.g., Wolf Child*, 699 F.3d at 1092

(holding that condition infringing a defendant's right to associate with an intimate

family member implicated a significant liberty interest); *United States v. Williams*,

356 F.3d 1045, 1055 (holding that a condition forcing a person to take

antipsychotic medication was an infringement on a significant liberty interest).

The judgment is AFFIRMED.[2]

---

[2] Dignity and Power Now filed a motion for leave to file an amicus brief in support of Nunez. While both parties have consented to the filing, it requires leave from the court because it is not timely. *See* Fed. R. App. P. 29(a)(6). We grant the motion. However, the brief seeks to introduce new facts outside of the record and advance arguments not raised by the parties. Because we do not entertain legal issues raised for the first time in an appeal by a party appearing as an amicus, *Pres. Coal., Inc. v. Pierce*, 667 F.2d 851, 862 (9th Cir. 1982), we decline to consider these arguments.